IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISAIAH J. KENNEDY, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00470-FB |
| vs. | § § § | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, NAVY FEDERAL CREDIT UNION, CREDENCE RESOURCE MANAGEMENT, DEPARTMENT OF EDUCATION, CREDIT FIRST NATIONAL ASSOCIATION, T MOBILE, AT&T, AMSHER COLLECTION SERVICES, SANTANDER CONSUMER USA, | § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's Motion for Default Judgment [#42], Defendant T-Mobile USA, Inc.'s Motion to Set Aside Clerk's Entry of Default [#43], and Defendant AT&T's Motion to Set Aside Clerk's Entry of Default, and Opposition to Plaintiff's Motion for Default Judgment [#48]. This case was referred to the undersigned for disposition of all pretrial proceedings, and the undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth herein, the Court will set aside the Clerk's Entry of Default against Defendants T-Mobile and AT&T and deny Plaintiff's motion for default judgment.

The record reflects that Plaintiff filed a motion for Clerk's entry of default on July 27, 2023, requesting default be entered against T-Mobile and AT&T. Plaintiff attached an affidavit of service to his motion, asserting that AT&T was properly served at its headquarters in Dallas, Texas, on June 16, 2023, and that T-Mobile was properly served at its headquarters in Bellevue, Washington, on June 26, 2023, and that both Defendants had failed to answer or otherwise defend the case. The Clerk granted the motion and entered default as to both Defendants on July 31, 2023 [#32]. Plaintiff thereafter filed the motion for default judgment as to AT&T and T-Mobile currently pending before the Court. In response, both Defendants have moved to set aside the Clerk's entry of default, arguing that they were never properly served and therefore were never in default.

Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or default judgment for good cause. *Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000). The Fifth Circuit has directed district courts to consider the following factors in evaluating good cause: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). If a defendant was not properly served, a district court **must** set aside an entry of default or default judgment. *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) (quoting *Harper Macleod Solics v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (holding the court "must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process."). Both AT&T and T-Mobile have established that they were not properly served with process.

Federal Rule of Civil Procedure 4(h)(1)(A) allows service on a corporation "in the manner prescribed by Rule 4(e)(1)." Rule 4(e)(1) permits service on a defendant "following state law for serving a summons." In this case, Texas law applies as to both Defendants and allows for service on a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition."[1] Tex. R. Civ. P. 106(a)(2). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

The evidence before the Court establishes that Plaintiff attempted to serve AT&T and T-Mobile by certified mail, return receipt requested, as shown by the tracking identifier on his summons. Under Texas Rule of Civil Procedure 107(c), if a plaintiff serves a defendant by registered or certified mail, "the return by the officer or other authorized person must also contain the return receipt with the addressee's signature." If the return receipt is not signed by the addressee, the service of process is defective. *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied). Plaintiff has not demonstrated that anyone affiliated with AT&T or T-Mobile signed a receipt showing they received a copy of the Summons and Complaint.

As to AT&T, Plaintiff's motion for Clerk's entry of default provided the Court with a tracking message from the United States Postal Service that his mailing had been delivered to "an agent for final delivery" in Dallas, Texas, 75201. (Ex. 3 [#48-3], at 6–9.) Plaintiff failed to provide the Court with a certified mail receipt containing the addressee's signature. Additionally, the tracking message from the United States Postal Service as to AT&T contains

---

[1] Washington law also applies as to T-Mobile, as it is the state of service. *See* RCW 4.28.080.

an incorrect zip code. (*Id.*) As to T-Mobile, Plaintiff's motion for Clerk's entry of default provided the Court with a certified mail receipt, but the mail receipt was addressed only generally to T-Mobile, not an individual, let alone an individual authorized to accept service on T-Mobile's behalf. (Ex. C [#43-3], at 2.) Additionally, the mail receipt does not identify who signed the receipt. Thus, Plaintiff failed to properly serve AT&T and T-Mobile under Texas law.[2] (*Id.* at 3.) The Court will therefore direct the Clerk to set aside the entry of default against both of these Defendants. Because AT&T and T-Mobile were never in default, Plaintiff is not entitled to the requested final default judgment.

**IT IS THEREFORE ORDERED** that Defendant T-Mobile USA, Inc.'s Motion to Set Aside Clerk's Entry of Default [#43] and Defendant AT&T's Motion to Set Aside Clerk's Entry of Default [#48] are **GRANTED**.

**IT IS FURTHER ORDERED** that the defaults previously entered against Defendants T-Mobile and AT&T be **SET ASIDE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [#42] is **DENIED**.

**IT IS FINALLY ORDERED** that the time for service or to secure waivers of service is **EXTENDED** to **September 25, 2023**.

---

[2] The Court notes that Plaintiff may not have properly served T-Mobile under Washington law, which also requires that only persons holding certain positions for corporations can accept service on behalf of the corporation. RCW 4.28.080(9). The record does not reflect that Plaintiff addressed service to any specific individual at T-Mobile, and there is no indication that the person signing for the mailing was authorized to accept service by statute.

**IT IS SO ORDERED.**

SIGNED this 11th day of September, 2023.

                                                ELIZABETH S. ("BETSY") CHESTNEY
                                                UNITED STATES MAGISTRATE JUDGE