IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISAIAH J. KENNEDY, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, NAVY FEDERAL CREDIT UNION, CREDENCE RESOURCE MANAGEMENT, DEPARTMENT OF EDUCATION, CREDIT FIRST NATIONAL ASSOCIATION, T MOBILE, AT&T, AMSHER COLLECTION SERVICES, SANTANDER CONSUMER USA, | § § § § § § § § § § § § § | SA-23-CV-00470-FB |
| *Defendants.* | § | |

# **ORDER**

Before the Court in the above-styled cause of action is Defendant Experian, Equifax, and Trans Union's Joint Motion to Compel Discovery Responses [#83]. By their motion, Defendants ask the Court to compel Plaintiff to respond to discovery and for sanctions under Rule 37(a)(4). The Court held a hearing on the motion on this day, at which Plaintiff, who is proceeding *pro se*, and counsel for Defendants appeared via videoconference. The record reflects that all three Defendants who filed the motion to compel served written discovery on Plaintiff in October. Plaintiff did not respond to the discovery requests within the time required by the Federal Rules of Civil Procedure. Additionally, Plaintiff did not respond to Defendants' attempts to confer with Plaintiff on an extension of time for the responses.

At the Court's hearing, Plaintiff acknowledged he had copies of the discovery requests but does not believe he is required to respond because he has not received a response from Defendants as to a document he sent them in September. The Court remains unclear as to what the document Plaintiff sent to Defendants is, but this is not a basis for withholding a response or ignoring properly served discovery requests.

Discovery is the process by which the parties exchange information related to the lawsuit. Plaintiff may serve written discovery on Defendants, and Defendants may serve written discovery on Plaintiff. The Court's Scheduling Order in this case requires the parties to complete discovery by April 15, 2024. (Scheduling Order [#65].) This means that all written discovery must be served so that responses to the discovery would be due before the deadline expires. *See* W.D. Tex. Loc. R. CV-16(e). The Federal Rules of Civil Procedure impose a 30-day deadline to respond to written discovery, which means written discovery must be served by March 15, 2024, to be timely filed under the Court's Scheduling Order governing this case.

The Court explained to Plaintiff at the hearing that the Federal Rules require him to respond to discovery requests and that he cannot ignore served discovery requests without consequences to the lawsuit. For example, if Plaintiff does not timely respond to requests for admission, the Court may deem them admitted. *See* Fed. R. Civ. P. 36(a)(3). If Plaintiff does not timely respond to an interrogatory or a request for production, any objection to that discovery may be waived, meaning the party can no longer object to the discovery. *See* Fed. R. Civ. P. 33(b)(4); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Plaintiff has not responded within the 30-day period and has ignored the discovery served by Defendants. Federal Rule of Civil Procedure 37(a) allows a party to ask the Court to compel a party to respond to discovery when the party has failed to participate in discovery in a timely

fashion. *See Crosswhite v. Lexington Ins. Co.*, 321 Fed. App'x 365, 368 (5th Cir. 2009). In light of Plaintiff's failure to respond to the discovery, the Court could rule that Plaintiff has waived all objections and that all of the served requests for admission are deemed admitted. However, because Plaintiff is *pro se* and expressed some confusion about what is required under the Federal Rules at the Court's hearing, the Court will allow Plaintiff to have 14 more days to respond to the discovery.

The Court reminds Plaintiff that he is required to respond to all properly served discovery requests—interrogatories (which are questions seeking information about the lawsuit), requests for production (which are requests for documents related to the lawsuit), and requests for admission (which are requests that Plaintiff either admit or deny certain facts). If Plaintiff believes the discovery is beyond the scope of what Defendants are permitted to seek in discovery, he may object to the discovery but must state the basis of the objection. *See* Fed. R. Civ. P. 26(b)(1). If Plaintiff fails to participate in discovery and continues to ignore Defendants' attempts to correspond regarding discovery, his lawsuit may be dismissed for want of prosecution or failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b).

The Court declines to order attorney's fees or impose any other sanction against Plaintiff at this time. Plaintiff is reminded, however, that if Defendants file future motions establishing Plaintiff's failure to participate in discovery or communicate with counsel, the Court may impose sanctions, including but not limited to requiring Plaintiff to pay Defendants' attorneys' fees related to the time Defendants' counsel expends coming to the Court for relief.

**IT IS THEREFORE ORDERED** that Defendant Experian, Equifax, and Trans Union's Joint Motion to Compel Discovery Responses [#83] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff respond to the written discovery served by Defendants Experian, Equifax, and Trans Union in October 2023 (and that was attached to their motion to compel) on or before **January 30, 2024**.

**IT IS FINALLY ORDERED** that in all other respects Defendants' motion [#83] is **DENIED**.

SIGNED this 16th day of January, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE