IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISAIAH J. KENNEDY, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00470-FB |
| vs. | § § § | |
| NAVY FEDERAL CREDIT UNION, CREDENCE RESOURCE MANAGEMENT, DEPARTMENT OF EDUCATION, T MOBILE, AMSHER COLLECTION SERVICES, SANTANDER CONSUMER USA, | § § § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation and Order concerns Plaintiff's Motion for Entry of Default Judgment [#80]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and this Order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, it is recommended that Plaintiff's motion be denied because Plaintiff has not properly served the Department of Education. The undersigned will also enter an Order *sua sponte* extending the time of service for this Defendant.

**I.  Background and Analysis**

Plaintiff, who is proceeding *pro se*, seeks a default judgment against Defendant Department of Education due to its failure to appear in this action. "When a party against whom

1

a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff is not entitled to the requested default judgment because he has not demonstrated that the Department of Education was ever properly served with process. Therefore, the Department of Education is not in default.

The record in this case reflects that a Summons was issued to the Department of Education at 400 Maryland Avenue SW, Washington, DC, 20202, on May 25, 2023. (Summons [#11], at 25.) The Summons was returned as executed on June 6, 2023, and a Return of Service was filed with the Court on July 21, 2023. (Return of Service [#29], at 5.) However, serving the Department of Education at its Washington, DC, address does not constitute complete service under the Federal Rules of Civil Procedure.

The Department of Education is a United States federal agency. To properly serve a United States Agency, Plaintiff must serve both the agency and the United States. Fed. R. Civ. P. 4(i)(2). Although Plaintiff has served the federal agency, he has not served the United States. To serve the United States, Plaintiff must serve both the United States Attorney for the Western District of Texas and send a copy of the Complaint and Summons to the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1). The United States Attorney for the Western District of Texas may be served either in person (by a person who is at least 18 years old and not a party to the case) or via registered or certified mail.

The mailing address for service of the U.S. Attorney for the Western District of Texas is:

Civil Process Clerk
U.S. Attorney for the Western District of Texas
San Antonio Division
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597

The mailing address for service of the Attorney General is:

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Because Plaintiff has not served the Department of Education according to Rule 4(i), the Department of Education is not in default. Plaintiff is therefore not entitled to the default judgment he seeks, and the District Court should deny the motion.

However, in light of Plaintiff's *pro se* status, the undersigned will *sua sponte* extend the time of service for Plaintiff to properly serve the Department of Education pursuant to Rule 4(i), in the event that Plaintiff still wishes to pursue his claims against this Defendant. The Court warns Plaintiff, however, that a failure to comply with the new deadline for service could result in dismissal of Plaintiff's claims against the Department of Education for failure to prosecute. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b).

## II.  Conclusion and Recommendation

Having considered Plaintiff's motion and the record in this case, the undersigned recommends that Plaintiff's motion for default judgment against the Department of Education [#80] be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff complete United States Marshals Service Form 285 for service on Defendant Department of Education (through both the United States Attorney for the Western District of Texas and the Attorney General of the United States) in accordance with this Order on or before **May 16, 2024**, if he wishes to pursue his claims against this Defendant. If Form 285 is received by the Court's deadline, the United States Marshals Service shall execute service with a copy of Plaintiff's Amended Complaint [#28] and Summons.

If served, Defendant Department of Education must answer or otherwise respond to Plaintiff's Complaint within **60 days of proper service**.

### III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    SIGNED this 3rd day of May, 2024.

                                                                                         _____
                                                                                         ELIZABETH S. ("BETSY") CHESTNEY
                                                                                        UNITED STATES MAGISTRATE JUDGE