IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISAIAH J. KENNEDY, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00470-FB |
| vs. | § § § | |
| NAVY FEDERAL CREDIT UNION, CREDENCE RESOURCE MANAGEMENT, DEPARTMENT OF EDUCATION, T MOBILE, AMSHER COLLECTION SERVICES, SANTANDER CONSUMER USA, | § § § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the failure of Plaintiff to serve Defendant the Department of Education. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Department of Education be dismissed from this suit for lack of service.

**I. Background and Analysis**

Plaintiff's Amended Complaint names the Department of Education as a Defendant. The pleading was filed on July 18, 2023, but the Department of Education still has not been properly served under the Federal Rules of Civil Procedure. The record reflects that Summons was issued to the Department of Education at 400 Maryland Avenue SW, Washington, DC, 20202, on May

25, 2023. (Summons [#11], at 25.) The Summons was returned as executed on June 6, 2023, and a Return of Service was filed with the Court on July 21, 2023. (Return of Service [#29], at 5.) However, serving the Department of Education at its Washington, DC, address does not constitute complete service under the Federal Rules of Civil Procedure.

The Department of Education is a United States federal agency. To properly serve a United States Agency, Plaintiff must serve both the agency and the United States. Fed. R. Civ. P. 4(i)(2). Although Plaintiff has served the federal agency, he has not served the United States. To serve the United States, Plaintiff must serve both the United States Attorney for the Western District of Texas and send a copy of the Complaint and Summons to the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1).

On May 3, 2024, the undersigned extended the time of service to allow Plaintiff the opportunity to properly serve the Department of Education [#110]. Plaintiff was ordered to complete United States Marshals Service Form 285 if he still desired to pursue his claims against this Defendant. The undersigned's order provided Plaintiff with the addresses for service of the United States Attorney and the Attorney General. To date, Plaintiff has not completed Form 285. Accordingly, Plaintiff has not complied with the service requirements of Rule 4 of the Federal Rules of Civil Procedure, and the Court should *sua sponte* dismiss this Defendant under Rule 4(m).

Rule 4(m) provides that a Court may dismiss an action without prejudice as to a defendant who is not timely served with process "on its own after notice to the plaintiff." The 14-day objection period provides Plaintiff with notice of the possible dismissal of the Department of Education from this suit and the opportunity to cure this defect by completing Form 285 as directed by the Court in its previous order [#110].

## II.  Conclusion and Recommendation

In light of Plaintiff's failure to serve the Department of Education under Rule 4(i), the undersigned recommends that the Department of Education be **dismissed** pursuant to Rule 4(m).

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 7th day of June, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE