IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISAIAH J. KENNEDY, | § § § | |
| *Plaintiff,* | § § § | SA-23-CV-00470-FB |
| vs. | § § § | |
| NAVY FEDERAL CREDIT UNION, CREDENCE RESOURCE MANAGEMENT, T MOBILE, AMSHER COLLECTION SERVICES, SANTANDER CONSUMER USA, | § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's claims against Defendants T Mobile and Santander Consumer USA, as well as Defendant Navy Federal Credit Union's Opposed Motion for Court Order of Dismissal and Attorney's Fees [#124]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). For the reasons set forth below, it is recommended that the District Court grant Defendant Navy Federal Credit Union's motion for an order of dismissal and also dismiss Defendants T Mobile and Santander Consumer USA from this lawsuit.

**I. Background**

Plaintiff Isaiah J. Kennedy filed this action, proceeding *pro se*, on April 18, 2023. Mr. Kennedy's live pleading is his Amended Complaint [#28], filed July 18, 2023. The Amended

1

Complaint asserts causes of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392, *et seq.* ("TDCA").  Mr. Kennedy alleges that he was the victim of identity theft and that various credit reporting agencies, alleged furnishers of information, and debt collectors provided false information regarding his debts and credit, failed to perform a reasonable investigation regarding the disputed debt, and improperly attempted to collect a debt Mr. Kennedy does not owe.  Mr. Kennedy alleges he has suffered financial harm due to Defendants' actions and cannot move forward financially until the fraudulent debt is removed.

## II.  Santander and T-Mobile

Santander and T-Mobile moved to compel arbitration of Mr. Kennedy's claims, and the Court granted the motion on December 13, 2023 [#82].  The Court's order directed these parties to submit their claims to a final and binding arbitration and stayed Mr. Kennedy's claims against T-Mobile and Santander pending the outcome of the arbitration.  Santander and T-Mobile filed various status reports on the arbitration, notifying the Court that they were unaware of any arbitration demand being filed by Mr. Kennedy and had received no communications from Mr. Kennedy regarding arbitration [#101, #102, #116, #117].  On June 20, 2024, the Court issued a Show Cause Order, directing Mr. Kennedy to show cause why his claims against Santander and T-Mobile should not be dismissed for want of prosecution in light of his failure to file an arbitration demand or respond to these Defendants' attempts at correspondence.  Mr. Kennedy's show cause response was due by July 11, 2024.  To date, the Court has not received any filing from Mr. Kennedy regarding the ordered arbitrations or his claims against Santander and T-Mobile.  The undersigned will therefore recommend dismissal of Mr. Kennedy's claims against

Santander and T-Mobile for want of prosecution.  *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).

### III.  Navy Federal Credit Union

Defendant Navy Federal Credit Union ("Navy Federal") has moved for an order of dismissal and attorneys' fees due to Mr. Kennedy's repeated failure to respond to outstanding discovery requests, failure to appear for a deposition, and failure to comply with this Court's order dated June 20, 2024 [#119].  In the Court's June 20th Order, it compelled Mr. Kennedy to respond to outstanding Requests for Production by producing all non-privileged and responsive documents or lodging specific objections to the requests on or before July 11, 2024.  The Court also warned Mr. Kennedy that a failure to comply with the Order could result in dismissal of his claims for failure to prosecute or failure to follow an order of the Court.

According to Navy Federal's motion, Mr. Kennedy has not complied with the Court's order regarding the outstanding Requests for Production and has not responded to Navy Federal's repeated attempts at communication regarding the discovery deadline.  The Court's July 11, 2024 deadline has expired, and Mr. Kennedy did not produce the requested documents.  Navy Federal also noticed Mr. Kennedy's deposition for July 12, 2024, via e-mail and certified mail, but Mr. Kennedy again did not respond and failed to appear.  Finally, Mr. Kennedy has not filed a response in opposition to Navy Federal's motion to dismiss, and the time to do so has expired.  *See* W.D. Tex. Loc. R. CV-7(d).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b).  The record reflects that Mr. Kennedy failed to respond to served discovery requests, failed to follow an order of the Court compelling him to respond to the discovery

requests, failed to appear for a noticed deposition, and failed to respond to Navy Federal's motion for an order of dismissal. The undersigned will therefore recommend dismissal of Mr. Kennedy's claims against Navy Federal under Rule 41(b) for want of prosecution and failure to follow a court order.

Navy Federal also requests attorney's fees pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure as a sanction for Mr. Kennedy's failure to cooperate in discovery. This rule provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Mr. Kennedy has not demonstrated that his conduct was substantially justified. However, he is a *pro se* party and an award of a significant amount of attorney's fees may be unjust. Navy Federal has not requested a specific amount of fees be awarded or presented the Court with any affidavit or other evidence demonstrating the amount of hours expended and fees incurred on this litigation. Navy Federal should be given an opportunity to present this evidence for the Court's consideration. The undersigned will therefore recommend the motion for fees be denied without prejudice to filing a separate motion supported by evidence.

### IV.  Recommendation

Having considered Defendant's motion and the record before the Court, the undersigned **recommends** that Defendant Navy Federal Credit Union's Opposed Motion for Court Order of Dismissal and Attorney's Fees [#124] be **GRANTED IN PART AND DENIED IN PART** as follows:  Mr. Kennedy's claims against Navy Federal Credit Union should be dismissed but the

request for fees should be denied without prejudice to refiling an amended fee motion with supporting evidence.

The undersigned further **recommends** that the District Court **DISMISS** Mr. Kennedy's claims against Defendants T Mobile and Santander Consumer USA for failure to prosecute.

If the District Court adopts the undersigned's recommendations, the only remaining Defendants in this case are Credence Resource Management and Amsher Collection Services.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 12th day of August, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE